UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**Wyatt Construction Company, Inc.,**

  Plaintiff,

v.                              No. 4:25-cv-1171-P

WILLO CREEK BAPTIST, CHURCH,

  Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 20, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. FCR, ECF No. 8. The FCR recommended the Court dismiss the case for "failing to comply with the Court's order and failing to prosecute this case." FCR at 1. Defendant filed an Objection to the FCR on December 4, 2025. Objection, ECF No. 9. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **AFFIRM** and **ADOPT** the reasoning in the Magistrate Judge's FCR, and **OVERRULE** Defendant's Objection. Accordingly, the Court additionally **ORDERS** that Defendant's Motion for More Definite Statement and Brief in Support is **MOOT**. ECF No. 7.

### BACKGROUND

On October 17, 2025, Defendant Willow Park Church of Christ removed this case to federal court. ECF No. 1. On October 22, 2025, the Court ordered that Plaintiff cannot proceed *pro se* because a corporation can only appear through an attorney. ECF No. 6. The Court therein ordered that Plaintiff shall obtain counsel by November 12, 2025, and warned that "[f]ailure to timely comply with this order will result in the

undersigned recommending dismissal of this action." ECF No. 6. Plaintiff is yet to comply with that order.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS OF OBJECTION

Defendant objects to the Court potentially dismissing this case without prejudice instead of with prejudice because "Plaintiff was given ample notice and opportunity to obtain counsel to represent it but failed to do so." ECF No. 9. But, "the appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). And the Court in its discretion finds it appropriate to dismiss this action without prejudice because it is being dismissed for failure to prosecute and obtain counsel.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR and Defendant's Objection, the Court **AFFIRMS** and **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Defendant's Objection. The Court, therefore, hereby **ORDERS** that this case is **DISMISSED without prejudice.**

**SO ORDERED** on this **5th day of December 2025.**

*/s/ Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE